I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 11-5-12

DEPUTY CLERK

*Also sent a C.D. habeas petition form



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION
NOV - 5 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD JEROME CALLIER,<br><br>Petitioner,<br><br>vs.<br><br>RONALD E. BARNES, Warden,<br><br>Respondent. | Case No. EDCV 12-1880-MMM (RNB)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

On October 29, 2012, petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody herein. The Court's review of the Petition reveals that it suffers from the following deficiencies.

First, the Petition has not been submitted on either the current version of the national form appended to the Habeas Rules, or the form currently approved and supplied for habeas petitions by the Central District of California. <u>See</u> Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts (authorizing the District Court by Local Rule to require that habeas petitions be filed in a form prescribed by the Local Rule); <u>see also</u> Central District Local Rule 83-16.1.

Second, ¶ 7 of the habeas form utilized by petitioner is not properly completed. Petitioner did not specify therein any of the grounds for relief that he currently is alleging. Instead, for Grounds One through Four, petitioner merely stated: "See

1  attached Memorandum of Points and Authorities." For Ground Five, petitioner
2  merely stated: "See attached Petition for Writ of Habeas Corpus." The Court notes,
3  however, that there is no Memorandum of Points and Authorities attached to the
4  Petition. There are two attachments: (1) what appears to be a copy of petitioner's
5  Petition for Review to the California Supreme Court; and (2) what appears to be a
6  copy of a habeas petition to the California Court of Appeal. However, it is neither the
7  Court's function nor respondent's function to speculate as to which of the claims
8  raised in those petitions are now being alleged as grounds for relief by petitioner
9  herein. Indeed, the Court notes in this regard that the first and second issues raised
10 in the Petition for Review appear to involve solely matters of state procedural law,
11 which would even not be cognizable on federal habeas review. See 28 U.S.C. §
12 2254(a). The Court further notes that, in People v. Mena, 54 Cal. 4th 146, 148, 141
13 Cal. Rptr. 3d 469, 277 P.3d 160 (2012), the California Supreme Court clarified that
14 the due process right relied on by it in Evans is based on state due process, not federal
15 due process. See also United States v. Robertson, 606 F.2d 853, 857 (9th Cir. 1979)
16 ("An accused has no absolute or constitutional right to a lineup."). Accordingly, the
17 third issue raised in the Petition for Review also does not appear to be cognizable on
18 federal habeas review. Petitioner should have either (a) set forth each of his federal
19 constitutional claims along with the supporting facts, or (b) for each of his grounds
20 for relief, identified the particular attachment to which he was referring and then
21 cross-referenced the specific pages from that attachment on which his claim was set
22 forth.
23      For the foregoing reasons, the Petition is dismissed with leave to amend. If
24 petitioner still desires to pursue this action, he is ORDERED to file a First Amended
25 Petition correcting the deficiencies identified above on the approved Central District
26 habeas form on or before **December 7, 2012**. The clerk is directed to send petitioner
27 a blank copy of the current Central District habeas petition form for this purpose.
28      The amended petition should reflect the same case number, be clearly labeled

"First Amended Petition," and be filled out completely. In ¶ 8 of the First Amended Petition, petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions pertaining to each such claim. (If petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in ¶ 8 of the habeas petition form and not include any additional claims.) If petitioner contends that he exhausted his state remedies in a Petition for Review to the California Supreme Court, he should list such filing in ¶ 4 of the habeas petition form and provide all of the other called for information. If petitioner contends that he exhausted his state remedies in a habeas petition to the California Supreme Court, he should list such filing in ¶ 6 of the habeas petition form and provide all of the other called for information. For each filing listed in ¶¶ 4 and 6, petitioner should be sure to specify all of the grounds raised by him in such filing, along with the case number, the date of decision, and the result.

Finally, petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute.

DATED: 11/5/12

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

3