UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| HOWARD JEROME CALLIER, | Case No. EDCV 12-1880-CJC (GJS) |
|---|---|
| Petitioner | |
| v. | **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| RONALD E. BARNES, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Petitioner's "Motion to Set Aside Conviction" filed on September 4, 2015 (Docket No. 31, the "Motion"), all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. The Court has conducted a de novo review of those matters to which Objections have been stated.

Petitioner's first Objection is that he should be allowed to amend the Motion to plead an excuse for his lengthy delay in filing the Motion. Although the Report, in a footnote, observes that the Motion appears to be untimely, it also concludes that the Court lacks jurisdiction to consider the Motion at all and, thus, to consider the timeliness question. Specifically, the Report concludes that: the Motion asserts new grounds for relief and, thus, constitutes an improper attempt to use Fed. R. Civ. P.

60(b) to avoid the requirements of 28 U.S.C. § 2244(b); and the Court, therefore, lacks jurisdiction to consider the Motion. Accordingly, as jurisdiction over the Motion is lacking, there is no reason to amend the Motion to address Petitioner's delay.

Petitioner's second Objection is that he should be allowed to amend the Motion to omit his new claims. However, Petitioner does not identify any basis for Rule 60(b) relief that he would proffer other than his new habeas claim assertions, even though he has had ample time to do so. Petitioner's failure to proffer any manner in which his Motion could be amended to state a viable request for relief under Rule 60(b)(6) precludes finding that amendment is warranted.

Finally, Petitioner objects that the Report should be set aside so that he may seek leave – from the United States Court of Appeals for the Ninth Circuit – to bring a second or successive habeas petition. As explained in the Report, however, this Court has no jurisdiction to consider the instant attempt to raise second or successive claims and, thus, dismissal is required. Should Petitioner obtain leave from the Ninth Circuit to file a second or successive habeas petition in this district, he then may do so.

The Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that the Motion is DISMISSED for lack of jurisdiction.

DATE: January 26, 2016

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE